UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ACCURACY IN MEDIA, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 14-1589 (EGS) |
| DEPARTMENT OF DEFENSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT STATE DEPARTMENT ON THE ISSUE OF PRODUCTION OF RECORDS IN ELECTRONIC FORMAT

COME NOW plaintiffs Accuracy in Media, Inc. ("AIM"), Roger L. Aronoff, Captain Larry W. Bailey, USN (Ret.), Lieutenant Colonel Kenneth Benway, USA (Ret.), Colonel Richard F. Brauer, Jr., USA (Ret.), Clare M. Lopez, Admiral James A. Lyons, Jr., USN, (Ret.), and Kevin Michael Shipp, by counsel, and respectfully move this Court, under Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment on the issue of whether responsive records must be provided in word pdf format.

Submitted in support of this motion are Plaintiffs' memorandum, together with the exhibits thereto, and Plaintiffs' Statement of Material Facts Not in Dispute.

Date: April 3, 2015.

Respectfully submitted,

/ s/

John H. Clarke Bar No. 388599
Attorney for plaintiffs
1629 K Street, NW
Suite 300
Washington, DC 20006
(202) 344-0776
johnhclarke@earthlink.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ACCURACY IN MEDIA, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 14-1589 (EGS) |
| DEPARTMENT OF DEFENSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT STATE DEPARTMENT ON THE ISSUE OF PRODUCTION OF RECORDS IN ELECTRONIC FORMAT

Plaintiffs respectfully submit this memorandum in support of the captioned relief. At issue in this case is whether the State department is required to produce the records that the Plaintiffs have requested in the format designated by them. Plaintiffs seek an order for the State Department to release records in word pdf format, rather than in hard copy format. Defendant opposes this motion.

Both of plaintiffs' FOIA requests to the State Department sought production of records in electronic format. *See* attached Exhibit 1, Plaintiffs' February 21, and April 7, 2014 FOIA requests, under the heading "Electronic Format:"

> Kindly produce these records in electronic format. *See* e-FOIA amendment 5 U.S.C. § 552 (a)(3)(B), as amended, requiring Agency to "provide the record in any form or format requested... if the record is readily reproducible by the agency in that form or format." *See generally* FOIA Update Vol. XVII, No. 4, 1996.

On March 19, 2014, State produced 39 pages of records responsive to plaintiffs' FOIA request, in hard copy. On March 31, 2014, the undersigned emailed defense counsel, *inter alia*:

> The FOIA requests themselves seek production in electronic format. The FOIA, 5 U.S.C. § 552(a)(3)(B) states that "an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." *See Sample v. BOP*, 466 F.3d 1086 (D.C. Cir. 2006); DOJ guidebook (Guide to the Freedom of Information Act. U.S. Department of Justice, Office of Information Policy (2009 Ed.) at 93). So, please advise whether defendants agree to producing records in PDF.

On April 3, defense counsel related that the State Department had declined plaintiffs' request, and posited that the records are not readily reproducible by State in electronic format.

The FOIA, 5 U.S.C. § 552(a)(3) provides:

> (B) In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section.

Under the express language of the statute, Defendant is obligated to provide the records in the format requested, unless they were not "readily reproducible by the agency in that form or format." The "Electronic Records" section of the Department of Justice's own guidebook makes it clear that the requester ordinarily will be entitled to choose the form of disclosure.

> The amendments contain several provisions that pertain to the processing of FOIA requests for records in electronic form...
>
> Second, they address the form or format in which a requested record is disclosed under the FOIA, requiring that "an agency shall provide the record in any form or format requested . . . if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B) (as amended, effective Mar. 31, 1997). Additionally, this new subsection of the Act provides that an agency "shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of the [FOIA]." *Id.* Taken together, these two provisions will require agencies to honor a requester's specified choice among existing forms of a requested record (assuming no exceptional difficulty in reproducing an existing record form) and to make "reasonable efforts" to disclose a record in a different form or format when that is requested and the record is "readily reproducible" in that new form or format.
>
> The first of these two aspects is relatively straightforward. The requester, not the agency, ordinarily will be entitled to choose the form of disclosure when multiple forms of a record already exist; the amendments thus overrule any precedent such as *Dismukes v. Department of the Interior*, 603 F. Supp. 760, 763 (D.D.C. 1984), which holds to the contrary.

*United States Department of Justice Guide to the Freedom of Information Act,* FOIA Update Vol. XVII, No. 4 (1996).

Both the plain wording of the statute, and the government's own guidebook, plainly supports plaintiffs' interpretation of the FOIA's requirements. So does case law. In *Sample v. BOP*, 466 F.3d 1086 (D.C. Cir. 2006), the Court of Appeals held that the FOIA "unambiguously requires" an agency to disclose records in the electronic format requested by the requester. Similarly, the Ninth Circuit has held that the FOIA "requires that the agency satisfy a FOIA request [for the production of records in a certain format] when it has the capability to readily reproduce records in the requested format." *TPS. Inc. v. DOD*, 330 F.3d 1191, 1195 (9th Cir. 2003).

The State Department maintains a "Virtual Reading Room" on the Internet, at http://foia.state.gov/Search/Search.aspx. A virtual Reading Room Documents Search, using the term "Benghazi," returns 17-page list of 324 results. A cursory review of the 324 "linked" sets of records reveals that most, if not all, have, at the top of the page, the records' security classification, the FOIA request "Case No.," the "Doc No.," and the date released. The 39 pages of records produced to plaintiffs consists of seven electronically generated, electronically transmitted, "Situation Reports," with the same, electronically generated information at the top of each page.

It appears that the State Department generated the records electronically, conducts its searches electronically, processes the records

electronically, and, finally, publishes the records on the Internet, in electronic format. Thus, plaintiffs dispute that the records requested by plaintiffs are not readily reproducible in pdf format.

Indeed, in its April 25, 2014 email to plaintiffs, a copy of which is attached hereto as Exhibit 2, State declared that it was "establishing a web site where" records responsive to 35 previous Benghazi FOIA requests will be posted:

> There have been thirty five earlier private FOIA requests to State on Benghazi, not including the very large Congressional request. Virtually all of these private requests have some (or even a great deal of) overlap with your request. In order to release information to the public as quickly as possible, the Department is establishing a web site where relevant unclassified/declassified/partially released documents will be posted. I understand that the first document postings are to be made next week – but I cannot state with certainty when the first batch will be available. In light of the planned web site, I wanted to suggest the possibility of reducing the scope of your request. That would reduce the time required for us to compile and process documents. This could be achieved by making use of the State Department FOIA website on Benghazi.

State has acknowledged that the records can readily be produced in digitized form on the Internet. Plaintiffs seek production in the form that already exists, and there is no reason why Defendant cannot make the records available to Plaintiffs in the format they have requested.

CONCLUSION

For the reasons set forth above, summary judgment should be awarded to plaintiffs and this Court should direct the State Department to provide the responsive records to plaintiffs in the requested pdf format.

Date: April 3, 2015.

Respectfully submitted,

/ s/

John H. Clarke Bar No. 388599
Attorney for plaintiffs
1629 K Street, NW
Suite 300
Washington, DC 20006
(202) 344-0776
johnhclarke@earthlink.net